**FILED**

JUL 18 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL IZELL SEALS-BROWN,<br><br>            Plaintiff,<br><br>v.<br><br>G.D. LEWIS, et al.,<br><br>            Defendants. | Case No. C 13-4824 PSG (PR)<br><br>**ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED** |

Michael Izell Seals-Brown, a California state parolee proceeding *pro se*, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983.  For the reasons stated below, the court dismisses several defendants, and serves the second amended complaint on the remaining defendants.

## I. DISCUSSION

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[1]  In its

---

[1] *See* 28 U.S.C. § 1915A(a).

Case No. C 13-4824 PSG (PR)
ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE AND DIRECTING
DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS
UNWARRANTED

1  review, the court must identify any cognizable claims and dismiss any claims that are frivolous,

2  malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

3  defendant who is immune from such relief.[2] *Pro se* pleadings must, however, be liberally

4  construed.[3]

5  　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

6  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

7  the alleged deprivation was committed by a person acting under the color of state law.[4]

8  B.　　Plaintiff's Claims

9  　　In Seals-Brown's second amended complaint, he states that he was convicted in 2001 of

10  two counts of the misdemeanor of sexual battery,[5] and sentenced to a term of one year. Then, in

11  2003, Seals-Brown was arrested for possession of cocaine with intent to sell and other related

12  offenses. This arrest was a violation of Seals-Brown's parole status. From the 2003 arrest,

13  Seals-Brown was found guilty and sentenced to a term of twelve years. After Seals-Brown

14  served his time and was released from prison, a condition of his parole was to register as a sex

15  offender for life, based on his 2001 misdemeanor convictions. That condition of parole is the

16  subject of Seals-Brown's underlying civil rights action.

17  　　Liberally construed, Seals-Brown states a cognizable claim against Parole Agent Jeffrey

18  Llopis, Detective Noble Waidelich, Chief Andrew Mills, and Parole Agent Supervisor McNunn

19  that enforcement of the sex offender registration condition of his parole violates due process,

20  

21  [2] *See* 28 U.S.C. § 1915A(b)(1), (2).

22  [3] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

23  [4] *West v. Atkins*, 487 U.S. 42, 48 (1988).

24  [5] *See* Cal. Penal Code § 243.4(d)(1) (2001) ("Any person who touches an intimate part of

25  another person, if the touching is against the will of the person touched, and is for the specific
purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of misdemeanor sexual

26  battery, punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in
a county jail not exceeding six months, or by both that fine and imprisonment.").

27  

28  Case No. C 13-4824 PSG (PR)
ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE AND DIRECTING
DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS
UNWARRANTED

1   equal protection, and cruel and unusual punishment.

2       To the extent Seals-Brown is attempting to challenge the constitutionality of his arrest

3   leading up to his 2001 convictions, those claims are barred by *Heck v. Humphrey*[6] because

4   judgment in favor of Seals-Brown would necessarily imply the invalidity of his conviction or

5   sentence. Defendants Attorney General Kamala Harris and Warden G.D. Lewis are accordingly

6   DISMISSED with prejudice.

7                       **II. CONCLUSION**

8       For the foregoing reasons, the court hereby orders as follows:

9       1.    Defendants Attorney General Kamala Harris and Warden G.D. Lewis are

10  DISMISSED.

11      2.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

12  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second

13  amended complaint and all attachments thereto (Docket No. 14), a magistrate judge jurisdiction

14  consent form, and a copy of this order to Parole Agent Jeffrey Llopis and Supervisor Parole

15  Agent McNunn at the CDCR Division of Parole Operations, Ukiah Unit, 798 North State Street,

16  Ukiah, CA; and Detective Noble Waidelich, Badge # D-11 and Chief Andrew Mills at the

17  Eureka Police Department, 603 C Street, Eureka, CA.

18      The Clerk also shall mail a courtesy copy of the second amended complaint and a copy of

19  this order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy

20  of this order to Seals-Brown.

21      3.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

22  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

23  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the court, on

24  behalf of Seals-Brown, to waive service of the summons, fail to do so, they will be required to

25

26  ————————————
[6]  512 U.S. 477, 486-487 (1994).

27

28  Case No. C 13-4824 PSG (PR)
ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE AND DIRECTING
DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS
UNWARRANTED

1  bear the cost of such service unless good cause be shown for their failure to sign and return the

2  waiver form.  If service is waived, this action will proceed as if Defendants had been served on

3  the date that the waiver is filed, except that Defendants will not be required to serve and file an

4  answer before sixty (60) days from the date on which the request for waiver was sent.

5  Defendants are asked to read the statement set forth at the bottom of the waiver form that more

6  completely describes the duties of the parties with regard to waiver of service of the summons.

7  If service is waived after the date provided in the Notice but before Defendants have been

8  personally served, the answer shall be due sixty (60) days from the date on which the request for

9  waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

10         4.      No later than sixty (60) days from the date of the waiver is sent to Defendants,

11  Defendants shall file a motion for summary judgment or other dispositive motion with respect to

12  the cognizable claims in the complaint.  At that time, Defendants shall also submit the magistrate

13  judge jurisdiction consent form.

14         Any motion for summary judgment shall be supported by adequate factual documentation

15  and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants

16  are advised that summary judgment cannot be granted, nor qualified immunity found, if material

17  facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by

18  summary judgment, they shall so inform the court prior to the date the summary judgment

19  motion is due.

20         5.      Seals-Brown's opposition to the dispositive motion shall be filed with the court

21  and served on Defendants no later than twenty-eight (28) days from the date Defendants' motion

22  is filed.  Seals-Brown is advised to read Rule 56 of the Federal Rules of Civil Procedure and

23  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must

24  come forward with evidence showing triable issues of material fact on every essential element of

25  his claim).

26         6.      Defendants shall file a reply brief no later than fourteen (14) days after Seals-

27

28  Case No. C 13-4824 PSG (PR)
   ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE AND DIRECTING
   DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS
   UNWARRANTED

1    Brown's opposition is filed.

2        7.      The motion shall be deemed submitted as of the date the reply brief is due.  No

3    hearing will be held on the motion unless the court so orders at a later date.

4        8.      All communications by Seals-Brown with the court must be served on Defendants

5    or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants'

6    counsel.

7        9.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

8    No further court order is required before the parties may conduct discovery.

9        10.     It is Seals-Brown's responsibility to prosecute this case.  Seals-Brown must keep

10   the court and all parties informed of any change of address and must comply with the court's

11   orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to

12   prosecute pursuant to Federal Rule of Civil Procedure 41(b).

13       IT IS SO ORDERED.

14   DATED:  7.18.14                          ?-e s. ~9

                                             PAUL S. GREWAL
15                                           United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28   Case No. C 13-4824 PSG (PR)
     ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE AND DIRECTING
     DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS
     UNWARRANTED
                                        5